UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BONITA HALSEY, | Civ. No. 2:13-0900 (KM) |
| Plaintiff, | |
| v. | OPINION & ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**MCNULTY, U.S.D.J.:**

This matter comes before the Court on Plaintiff's motion for attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket No. 10. The Commissioner of Social Security (the "Commissioner") opposes this motion (Docket No. 11), contending that counsel was administratively ineligible to practice law for part of the period that this appeal was pending.

In relevant part, the EAJA provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

On February 13, 2013 Plaintiff Bonita Halsey, for I.F.B., a minor, filed a Complaint in this Court appealing the final decision of the Commissioner that denied the minor Social Security Income benefits. Docket No. 1. Subsequently,

this Court filed a Consent Order reversing the decision of the Commissioner and remanding the matter to the Social Security Administration for further administrative action. Docket No. 9. Therefore, Plaintiff is a prevailing party under the EAJA.

Pursuant to the EAJA, Plaintiff's counsel, Langton & Alter, Esquires, have moved for attorneys' fees and costs in the amount of $2,832.50 (2,482.50 in attorneys' fees and $350.00 in filing fees). Docket No. 10-2 at 1. The Commissioner does not object to the calculation or reasonableness of Plaintiff's request. The Commissioner does not make any "substantial justification" argument under the EAJA (nor could she; she consented to a remand). The sole issue in contention is "whether Plaintiff is entitled to compensation for hours worked by her Counsel when her Counsel simultaneously was declared by the New Jersey Supreme Court to be administratively ineligible to practice law in the State of New Jersey." Docket No. 11 at 1.

New Jersey Court Rule 1:28A requires that "every attorney who practices in this State shall maintain" an Interest on Lawyer Trust Account ("IOLTA"), the interest from which is "to be used to fund law-related, public-interest programs." N.J. Ct. R. 1:28A-1(a), A-2(a). Pursuant to Rule 1:28A-2(d), attorneys must annually register with the IOLTA Fund Trustees. N.J. Ct. R. 1:28A-2(d). Failure to do so results in an attorney's inclusion "on a list of those attorneys deemed ineligible to practice law in New Jersey by Order of the Court." *Id.*

I accept for present purposes the Commissioner's assertion that 4.75 of the 13.5 hours worked by Plaintiff's counsel on this case occurred when Plaintiff's counsel was temporarily ineligible to practice law under New Jersey Rule 1:28A. The Commissioner submits that, because Plaintiff's attorneys had not complied with the IOLTA annual registration requirement for a period of time, they are also ineligible to receive compensation under the EAJA for hours worked during that period of ineligibility. In support, the Commissioner cites this District's Local Rule 101.1(b). That Local Rule states, in part: "Any New Jersey Attorney deemed ineligible to practice law by order of the New Jersey Supreme Court entered pursuant to New Jersey Court Rule 1:28-2(a) shall not be eligible to practice law in this Court during the period of such ineligibility." *Id.*

The Commissioner has made a similar argument in multiple cases. As a result, this issue of counsel's eligibility to receive EAJA fees has been

considered, and is currently under consideration by, other judges of this Court. *See Kane v. Commissioner of Social Security*, No. 12-cv-1899 (granting attorneys' fees, Docket Nos. 25, 26); *Ross v. Commissioner of Social Security*, No. 12-cv-2816-MAS (granting attorneys' fees, Docket No. 26); *Lebron v. Commissioner of Social Security*, No. 12-cv-5118-FSH (granting attorneys' fees, Docket No. 22); *Szaroleta v. Commissioner of Social Security*, No. 12-cv-4834-FLW (motion for attorneys' fees pending, Docket No. 14); *Cardona v. Commissioner of Social Security*, No. 12-4026-JLL (granting attorneys' fees, Docket No. 22); *Lopez v. Commissioner of Social Security*, No. 12-cv-7238-JLL (granting attorneys' fees, Docket No. 17); *Correra v. Commissioner of Social Security*, No. 12-cv-5493 (granting attorney's fees, Docket No. 21). The decided cases, as the citations make apparent, have uniformly rejected the Commissioner's position and awarded fees.

Having carefully considered the parties' submissions on this issue, I find myself in complete agreement with the thorough and well-reasoned opinion of the District Judge Katharine S. Hayden in the matter of *Kane v. Commissioner of Social Security*, Civil Action No. 12-1899 (Docket No. 25). There, Judge Hayden noted that Local Rule 101.1(b) "specifically addresses only those attorneys deemed administratively ineligible to practice pursuant to New Jersey Court Rule 1:28-2(a)." *Kane ex rel. Kane v. Comm'r of Soc. Sec.*, CIV. 12-1899 KSH, 2013 WL 6669189, at *7 (D.N.J. Dec. 18, 2013). That Rule, 1:28-2**(a)**, requires, *inter alia,* that attorneys maintain an IOLTA account. Judge Hayden held that our Local Rule does not address attorneys who are delinquent under New Jersey Court Rule 1:28A-2**(d)**, which requires that attorneys file an annual registration statement confirming that they are in good standing with IOLTA requirements. I do not find the Commissioner's analogy between the two sections compelling, nor do the equities tend in that direction.

For the reasons Judge Hayden articulated in *Kane v. Commissioner of Social Security*, which this Court adopts,

**IT IS** this 14th day of April 2014,

**ORDERED** that Plaintiff's motion for attorneys' fees (Docket No. 10) is **GRANTED**; and it is further

3

**ORDERED** that Plaintiff's attorneys are awarded attorneys' fees and costs in the amount of $2,832.50, if plaintiff does not owe a debt subject to offset, pursuant to the Equal Access to Justice Act.

*[signature: Kevin McNulty]*

**KEVIN MCNULTY**
**United States District Judge**